IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL PARKER and
RICK ZIMMERMAN,

       Plaintiffs,

v.                                                                  CV 12-1326 RB/WPL

LITHIA MOTORS, INC., d/b/a
LITHIA DODGE OF LAS CRUCES,
LITHIA MOTORS SUPPORT SERVICES, INC.,
VINCENT ARMIJO, individually, RAY ALDERETTE,
individually, and RUBEN LOZA, individually,

       Defendants.

**ORDER GRANTING MOTION TO EXTEND TIME FOR SERVICE**

      Plaintiffs Michael Parker and Rick Zimmerman have requested an extension of the deadline to effect service of process on Lithia Motors, Inc. ("Lithia"), or alternatively that I deem such service to be complete since Lithia's counsel is aware of the lawsuit. (Doc. 21.) Vincent Armijo, Ray Alderette, and Ruben Loza (together "the individual Defendants") oppose an extension, arguing that Plaintiffs have not shown good cause for their failure to serve Lithia within the required 120-day period and that I should not otherwise grant a permissive extension of the deadline. (Doc. 23.) Plaintiffs reply that the individual Defendants do not have standing to attack service on Lithia[1] and reiterate the arguments from their motion. (Doc. 24.) Although I find that Plaintiffs have not established good cause for an extension of the service deadline, I nonetheless grant their motion for the reasons described here.

---

[1] Counsel for the individual Defendants has acknowledged that he has also been retained to represent Lithia in this action. (*See* Doc. 23 Ex. 1 at 3 (email from Christopher Tebo to Raul Carrillo).)

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs filed their complaint in this action on December 27, 2012, alleging whistleblower violations, retaliation, and related claims against Lithia, their employer,[2] as well as the individual Defendants, all of whom were employed as managers at Lithia. (Doc. 1.) Pursuant to Federal Rule of Civil Procedure 4(m), which provides that defendants should be served within 120 days after the filing of a complaint, the deadline for service on all Defendants was April 26, 2013.

Plaintiffs served each of the individual Defendants no later than January 10, 2013. (*See* Doc. 6; Doc. 7; Doc. 8.) Service on Lithia turned out to be another story. After counsel for Lithia noted that he was not authorized to accept service for his clients, Plaintiffs' counsel contacted Edward Impert, associate general counsel for Lithia. (Doc. 21 Ex. A at 2.) Impert advised that Lithia's national agent for service of process was National Registered Agents, Inc. ("NRAI"), and he provided contact information for NRAI offices in Kansas and Colorado. (*Id.* at 1.) On January 7, 2013, Plaintiffs' counsel opined that service at those locations might not be effective under New Mexico law, and he requested that defense counsel either accept service for Lithia or name an agent in New Mexico who could accept service. (Doc. 21 Ex. B at 2.) Impert responded with the contact information for an NRAI office in Santa Fe, New Mexico. (*Id.* at 1.) However, when Plaintiff attempted service on that address a week later, NRAI refused to accept, stating that they were not the registered agent for Lithia. (Doc. 21 Ex. C.)

Plaintiffs' counsel again emailed counsel for Lithia on February 4, 2013, accusing Lithia's attorney of misleading him regarding the company's registered agent and again asking the attorney to accept service for Lithia. (Doc. 23 Ex. 1 at 2.) Counsel for Lithia responded that

---

[2] Plaintiffs no longer work for Lithia. (*See* Doc. 18 at 3.)

he refuses to accept service for clients as a matter of course and that neither he nor Impert did or said anything to block service. (Doc. 23 Ex. 1 at 1.) Defense counsel suggested that Plaintiffs may have misidentified the legal entity for Lithia when seeking to effect service on NRAI, and he proposed other means for serving Lithia. (*Id.*)[3] Plaintiffs describe no other steps taken to effect service on Lithia.

The April 26 deadline passed without any service of process on Lithia having been performed. Over a month later, on May 29, 2013, Plaintiffs filed the instant motion. (Doc. 21.) The individual Defendants responded on June 12, 2013 (Doc. 23), and Plaintiffs replied on June 27, 2013 (Doc. 24). To date, there is no indication in the record before me that Plaintiffs have served process on Lithia.

## DISCUSSION

If a defendant is not served within 120 days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or specify a time by which service must be effected. FED. R. CIV. P. 4(m). However, I must extend the time for service if Plaintiffs show good cause for the failure to serve. *Id.* Even in the absence of good cause, I may still grant a permissive extension of the deadline. *Sanders v. Sw. Bell Tel., L.P.*, 544 F.3d 1101, 1111 (10th Cir. 2008) (quoting *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995)). However, even if a permissive extension should be granted, I must first examine whether good cause for the delay in service exists. *See Espinoza*, 838 F.3d at 841.

---

[3] Plaintiffs state in their motion that their attorney never received a response to his February 4 email to Lithia's counsel. (Doc. 21 at 4.) Although the individual Defendants' exhibits show otherwise (*see* Doc. 23 Ex. 1 at 1), Plaintiffs do not address this in their reply.

I.     **Good Cause**

Although the standards for "good cause" under Rule 4(m) are not clearly defined by the Rule or by binding precedent, this Court has previously recognized the standard to be "quite restrictive." *Lopez v. United States*, 129 F. Supp. 2d 1284, 1295 (D.N.M. 2000). The Tenth Circuit has stated with respect to former Rule 4(j), the predecessor to Rule 4(m), that good cause

> would appear to require *at least as much* as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required.

*Broitman v. Kirkland (In re Kirkland)*, 86 F.3d 172, 175 (10th Cir. 1996). Good cause may be found where, for example, the defendant has purposefully evaded service of process. *See Hendry v. Schneider*, 116 F.3d 446, 449 n.2 (10th Cir. 1997) (citing, *e.g.*, *Cox*, 941 F.2d at 1125).

In support of their argument that good cause exists for an extension, Plaintiffs argue that Lithia has twice provided them with "inaccurate information" regarding Lithia's New Mexico agent, contending that this situation is analogous to an "intentional effort[] to evade service of process." (Doc. 21 at 5 (citing *Hendry*, 116 F.3d at 449 n.2).) The individual Defendants retort that NRAI, the agent named by defense counsel, is in fact the New Mexico agent listed for both Lithia Dodge of Las Cruces ("LDLC"), the Lithia subsidiary named in this case caption, and Lithia Support Services, Inc. ("LSS"), another Lithia subsidiary named as a Defendant in this case. (*See* Doc. 23 at 8-9; *see also* Doc. 23 Ex. 2 (printouts of New Mexico Public Regulation Commission Corporations Division search for both entities)[4].) According to the individual

---

[4] I have visited the New Mexico Public Regulation Commission website and confirmed that these printouts are accurate reflections of the listings for these entities. Indeed, a search for "Lithia" on the same website returns the entry for LSS, among other corporations. *See* Corporations Division, *Search Corporations*, STATE OF N.M. PUB. REGULATION COMM'N, https://efile.prc.newmexico.gov/ Efile/Corplookup/Lookdn.aspx (last visited June 28, 2013).

Defendants, Lithia itself does not transact business within New Mexico but operates through its subsidiaries here, including LDLC and LSS. (*See* Doc. 23 at 8.)

As the movants, Plaintiffs bear the burden of establishing the existence of good cause. Given the record before me, I do not believe Plaintiffs have sufficiently shown that Lithia's actions were misleading or that they rise to the level of (or are analogous to) an evasion of service of process. Impert truthfully provided Plaintiffs with the name of Lithia's national agent and contact information for several of the agent's offices. While defense counsel never explicitly told Plaintiffs that Lithia does not directly operate within New Mexico, he did recommend that Plaintiffs' counsel "mak[e] sure that the entity you've named on the complaint is actually the legal entity for Lithia, if using [NRAI] and they kicked it back to you." (Doc. 23 Ex. 1 at 1.) Moreover, judging from the case caption, Plaintiffs' counsel was already aware of entity names under which Lithia operates in New Mexico; defense counsel was not obliged to remind Plaintiffs' counsel of information that was already at his disposal.[5]

Simply put, Lithia's actions are not those of a party who is seeking to evade service outright or mislead opposing counsel. Because Plaintiffs bear the burden of establishing good cause, and because Plaintiffs' arguments hinge on these allegations alone (*see* Doc. 21 at 4-5), I do not find that good cause exists to grant an extension of the deadline for effecting service.

---

[5] Although the individual Defendants chastise Plaintiffs for failing to inquire into whether service on LDLC or LSS would have sufficed for service on Lithia itself (*see* Doc. 23 at 8-9), I recognize that there are questions as to whether service on a subsidiary would be sufficient for service on a parent company. *See Quarles v. Fuqua Indus., Inc.*, 504 F.2d 1358, 1362 (10th Cir. 1974) (noting that parent companies and subsidiaries are treated as distinct entities "in the absence of circumstances justifying disregard of the corporate entity"). Because neither party has briefed these questions, I will not address them here. Further, the questions have no bearing in this case on Plaintiffs' argument that Lithia was evading service or misleading them.

## II.    Permissive Extension

Even though Plaintiffs have not shown good cause for an extension, I may still grant a permissive extension of time for service. *See Espinoza*, 52 F.3d at 841. In exercising my discretion on this question, I should be guided by factors such as the impact of any applicable statute of limitations as well as other policy considerations. *Id.* at 842.

Plaintiffs do not argue that an extension is necessary due to statute-of-limitations concerns. (*See* Doc. 24 at 4.) Instead, Plaintiffs argue that an extension is warranted here because Lithia had actual notice of their claims, as demonstrated by the fact that Lithia's attorney and Impert have both been in contact with Plaintiffs' attorney several times regarding this action; that Lithia would not be prejudiced in light of this actual notice; that Lithia intentionally evaded service; and that their claims are intertwined with the claims against the individual Defendants. (Doc. 21 at 6 (citing *Salazar v. City of Albuquerque*, 278 F.R.D. 623 (D.N.M. 2011)).)

As noted earlier, Plaintiffs have not established that Lithia has been evading service. I also observe that actual notice does not necessarily suffice to excuse a plaintiff from otherwise following the mandates of Rule 4. *See, e.g.*, *Valdez v. Petty*, No. CV 10-0631 MCA/RHS, Doc. 70 (D.N.M. Feb. 21, 2012) (unpublished) (denying plaintiff's motion for service by publication for failure to exhaust alternative efforts to serve defendant, even though defendant had actual knowledge of the suit and entered a limited appearance to contest the motion); *Love v. Hayden*, 757 F. Supp. 1209, 1211 (D. Kan. 1991) (finding that actual notice is insufficient to exercise jurisdiction over defendants "if service was not made in substantial compliance with Rule 4").

That said, because Lithia has received actual notice, I agree that Lithia has not been prejudiced by Plaintiffs' failure to comply with the 120-day time limit, and that as such they would not be prejudiced by the requested extension. *See Montoya v. Española Pub. Sch. Dist.*

*Bd. of Educ.*, No. CV 10-651 WPJ/LFG, Doc. 86, at 5-6 (D.N.M. Mar. 24, 2011). Further, the delay in service has not prejudiced any other party, as the case has been unable to proceed to discovery due to the pending motion to dismiss (Doc. 13). Finally, I also recognize that the claims against Lithia are indeed intertwined with those against the individual Defendants. *See Salazar*, 278 F.R.D. at 628.

In light of these factors, I conclude that a permissive extension of the deadline for effective service is warranted. Accordingly, I do not reach Plaintiffs' arguments regarding the individual Defendants' standing to oppose this motion. (*See* Doc. 24 at 2-3.)

## CONCLUSION

Although Plaintiffs failed to show good cause for an extension of the 120-day deadline for effective service on Lithia, I will nonetheless grant Plaintiffs' request for a permissive extension of the deadline. As such, the deadline for service of process on Lithia Motors, Inc. is extended to **July 30, 2013**. Because Plaintiffs only request that the deadline for serving Lithia Motors, Inc., be extended, the service deadline is not extended with respect to any other parties. Further, Plaintiffs shall file with this Court proof of service on Lithia Motors, Inc., no later than **August 8, 2013**.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.