IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL PARKER and
RICK ZIMMERMAN,

       Plaintiffs,

vs.                                                                               No. CIV 12-1326 RB/GBW

LITHIA MOTORS, INC., d/b/a LITHIA
DODGE OF LAS CRUCES, LITHIA MOTORS
SUPPORT SERVICES, INC., VINCENT
ARMIJO, Individually, RAY ALDERETTE,
Individually, and RUBEN LOZA, Individually,

       Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiffs brought this action alleging federal whistle-blower violations and state-law claims concerning alleged alteration of customer credit applications during their employment with Lithia Motors, Inc., a publically-traded company. (Doc. 1). Defendants have moved to dismiss for lack of federal jurisdiction because Plaintiffs failed to exhaust administrative remedies for their federal claim. (Docs. 13 & 31).

**I.    Legal Standard**

"Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) (citations omitted). If jurisdiction is challenged, the burden is on the party claiming jurisdiction to show it by a preponderance of the evidence. *Celli*, 40 F.3d at 327 (citation omitted). Plaintiffs assert federal question jurisdiction. *See* 28 U.S.C. § 1331.

Federal Rule of Civil Procedure 12(b)(1) allows a court to dismiss a complaint for lack of subject matter jurisdiction. A Rule 12(b)(1) motion can take one of two forms. First, a moving party may lodge a facial attack against the complaint's allegations as to the existence of subject matter jurisdiction. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013). In reviewing a facial attack, the Court must accept the well-pled factual allegations in the complaint as true. *Id.* at 1205-06. Second, a party may go beyond the allegations contained in the complaint and challenge "the facts upon which subject matter jurisdiction depends." *Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005) (citation omitted). In reviewing a factual attack, the Court may look beyond the complaint and has wide discretion to consider evidence in the form of documents, affidavits, and even testimony. *Id.* (citations omitted). Only if resolution of the jurisdictional question requires review of the merits of the substantive claims is a court required to convert a Rule 12(b)(1) motion into a Rule 56 summary judgment motion. *Id.* (citations omitted). Defendants' motion does not relate to the merits of Plaintiffs' claims, so the Court may consider evidence outside the four corners of the Complaint in determining whether it has jurisdiction.

**II.   Discussion**

The Sarbanes-Oxley Act[1] provides that a publically-traded company may not discriminate against any employee who chose to:

> provide information, cause information to be provided, or otherwise assist in an investigation regarding any conduct which the employee reasonably believes constitutes [mail fraud, wire fraud, bank fraud, criminal securities fraud, or violation

---

[1] The Complaint does not specify the statute on which the federal whistle-blower claim is based. However, Defendants observed that Plaintiffs appear to claim whistle-blower status under the Sarbanes-Oxley Act, 18 U.S.C. 1514A. (Docs. 13 & 31). Plaintiffs do not dispute this assumption. (Docs. 18 & 32).

2

>of] any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders, when the information or assistance is provided to or the investigation is conducted by . . . any person with supervisory authority over the employee . . .

18 U.S.C. § 1514A(a)(1)(C).

The Sarbanes-Oxley Act requires a plaintiff to exhaust administrative remedies before bringing suit in federal court. 18 U.S.C. § 1514A(b); *Smith v. Corning Inc.,* 2007 WL 2120375, at *2 (W.D. N.Y. July 23, 2007). The exhaustion requirement is jurisdictional. *Willis v. VIE Financial Group, Inc.*, 2004 WL 1774575, at *3 (E.D. Pa. Aug. 6, 2004) (holding that a federal court may not hear a Sarbanes-Oxley claim that is not first submitted to OSHA); *see also Jones v. UPS, Inc.,* 502 F.3d 1176, 1183 (10th Cir. 2007) ("In the Tenth Circuit, exhaustion of administrative remedies is a jurisdictional prerequisite to suit.").

The Sarbanes-Oxley Act and implementing regulations establish the following scheme for exhaustion of administrative remedies. *See Morrison v. MacDermid, Inc.*, 2008 WL 4293655, *3 (D. Colo. Sept. 16, 2008); *JDS Uniphase Corp. v. Jennings*, 473 F.Supp. 2d 705, 710 (E.D. Va. 2007). First, a claimant must file a complaint with OSHA within 90 days after an alleged violation. *See* 29 C.F.R. § 1980.103(d). Next, a claimant must allow the agency at least 180 days to investigate and issue a decision on the merits. *Id.* At that point, if no decision is issued, the claimant may file a civil action for *de novo* review in the district court. *See* 18 U.S.C. §1514A(b)(1)(B); 29 C.F.R. § 1980.114(a). Additionally, the regulations provide that the claimant must file a notice of the complaint with the administrative law judge or Administrative Review Board fifteen days before filing a complaint in district court. *See* 29 C.F.R. § 1980.114(b).

Plaintiffs filed administrative complaints with the New Mexico Department of Labor on December 21, 2012. (Doc. 32-1). The administrative complaints were forwarded to OSHA. (*Id.*) On August 21, 2013, OSHA issued letters stating that more than 210 days had elapsed since the filing of the administrative complaints. (Doc. 33-1 & 33-2). However, Plaintiffs brought suit in this Court on December 27, 2012, before the administrative process was completed. (Doc. 32-1). Because Plaintiffs filed suit before the completion of the administrative process, they failed to exhaust administrative remedies with regard to their claims. *See Genberg v. Porter*, ___ F.Supp. 2d ____, 2013 WL 1222056, *7 (D. Colo. Mar. 25, 2013). As a result, this Court lacks subject matter jurisdiction over their Sarbanes-Oxley Act claims. *See also Khader v. Aspin*, 1 F.3d 968, 971 (1993) (holding that an employee, who initiated administrative process but abandoned it before it was completed, failed to exhaust her administrative remedies).

Plaintiffs contend that their failure to exhaust administrative remedies should be excused because the administrative process was inadequate "to prevent Defendants from spoliating evidence, discriminating against, retaliating against, and ultimately terminating Plaintiffs from Plaintiffs' employment with Lithia Dodge of Las Cruces." (Doc. 18). The Sarbanes-Oxley Act contains no explicit exception to its exhaustion requirement. *See* 18 U.S.C. §1514A. However, judicially created exhaustion requirements are subject to numerous exceptions such as the irreparable harm exception. *See Forest Guardians v. U.S. Forest Serv.*, 641 F.3d 423, 432 (10th Cir. 2011); *Harline v. Drug Enforcement Admin.*, 148 F.3d 1199, 1203 (10th Cir. 1998). The Tenth Circuit has not decided whether an equitable exception applies to the Sarbanes-Oxley Act exhaustion requirement. Additionally, the factors cited by Plaintiffs do not constitute irreparable harm. *See Steck v. Chester*, 393 F. App'x 558, 560 (10th Cir. 2010) (requiring applicant to

exhaust administrative remedies because he had not cited any reason why the BOP's failure to transfer him would result in irreparable harm).  For these reasons, the irreparable harm exception is inapplicable.

Finally, Plaintiffs request that the Court stay this lawsuit to allow them to fully exhaust administrative remedies.  The Court may only exercise jurisdiction when specifically authorized to do so.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994).  Jurisdiction is assessed as of the time the lawsuit is filed.  *See Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1225 (10th Cir. 2011).  A district court may not disregard a statutorily imposed exhaustion requirement at its discretion.  *See Hallstrom v. Tillamook Cnty.,* 493 U.S. 20, 31 (1989).  As the terms of the Sarbanes-Oxley Act do not confer subject matter jurisdiction, the case will be dismissed without prejudice.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motions to Dismiss (Docs. 13 & 31) are granted.

**IT IS FURTHER ORDERED** that this matter is dismissed without prejudice.

*/s/ Robert Brack*

---

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**